UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA　　　　　　:

　　　　　　　　　　　　　　　　　　　　　:

v.　　　　　　　　　　　　　　　　　　　:　　CR No. 20-00098-WES

　　　　　　　　　　　　　　　　　　　　　:

KOLAWOLE OLALEKAN OMOTOSHO　　:

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a revocation hearing was held on November 14, 2023, at which time Defendant, through counsel and personally, admitted he was in violation of his supervised release conditions. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before District Judge William E. Smith.

**Background**

On January 18, 2023, the Probation Office petitioned the Court for the issuance of an arrest warrant. On that date, the District Court reviewed the request and ordered the issuance of an arrest warrant. On November 14, 2023, Defendant was brought before the Court for a revocation hearing at which time he admitted to the following charges:

> **Violation No. 1. Mandatory Condition: Defendant must not commit another federal, state, or local crime.**

On January 11, 2023, Defendant committed the offense of Possession of a Firearm by a Felon as evidenced by the incident report provide by the Wrightsville Beach, North Carlina Police Department and his arrest on that same date.

**Violation No. 2. Standard Condition: Defendant must not communicate or interact with someone he knows is engaged in criminal activity.  If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.**

On January 11, 2023, Defendant knowingly communicated or interacted with someone convicted of a felony as evidenced by the information provided in the Wrightsville Beach, North Carolina Police Department incident report.

**Violation No. 3. Mandatory Condition: Defendant shall refrain from any unlawful use of a controlled substance.  Defendant shall submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.**

Defendant used marijuana as evidenced by his positive drug tests on September 20, 2022 and October 26, 2022.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2) provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed.  The maximum term of supervised release was previously imposed; therefore, the term cannot be extended.

Section 3583(e)(3), provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time

-2-

previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or more than one year for a Class E felony or a misdemeanor.  Defendant was on supervision for a Class C felony.  Therefore, he may not be required to serve more than two-years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  The authorized statutory maximum term of supervised release is three years.  The Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation and the twenty-one months imposed on his prior violation.

Section 7B1.1 provides for three grades of violations (A, B, and C).  Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other

offense punishable by a term of imprisonment exceeding twenty years.  Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision.  Defendant has committed a Grade B violation.  Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.  The second provision which allows for alternatives for one-half of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to

be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  There is no unsatisfied restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.4(a) provides that the criminal history category is the category applicable at the time Defendant was originally sentenced.  Defendant had a Criminal History Category of III at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  Defendant committed a Grade B violation and has a Criminal History Category of III.  Therefore, the applicable range of imprisonment for this violation is eight to fourteen months.

Section 7B1.5(b) provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Analysis and Recommendation**

Defendant is twenty-five years old.  He was originally convicted in 2018 at age nineteen in a North Carlina RICO prosecution involving a violent street gang.  He received a thirty-three-month sentence.  Upon release, he relocated to this District to live with an aunt in Providence to help him disconnect from those gang influences.  Unfortunately, he has continued to make bad choices regarding his associates and his involvement with firearms.

This is Defendant's second violation case.  The following is a summary of the circumstances of his first violation.  On October 29, 2020, Defendant was a passenger in a car that was involved in an armed robbery in Providence with shots fired.  Defendant was not suspected as

the perpetrator of that robbery.  However, the investigation connected his presence with an earlier October 22, 2020 homicide on Gallup Street in Providence.  Ring doorbell video footage obtained from a local residence shows Defendant moving toward the scene of that shooting with a firearm in his hand.  See Gov't Exhs. 2-6.  He raises the gun in an apparent attempt to fire, but it fails to discharge.  Id.  In a subsequent police interview, Defendant admits that he possessed the firearm and that it was broken and did not fire.  The scene captured on video footage is chaotic with multiple individuals involved, and as stated previously, resulted in a shooting death.

Defendant admitted to that violation charge for unlawful possession of a firearm, and he received a twenty-one-month violation sentence.  Defendant recommended supervision in this District but ultimately returned to North Carolina to reside with family.  The instant violation arises from a January 11, 2023 traffic stop in North Carolina.  Defendant was the only backseat passenger in the car, and a firearm was recovered by police on the rear floorboard of the car.  Defendant ultimately plead no contest in North Carolina state court to unlawful possession of a firearm by a convicted felon.  One of the other occupants of the car was also a convicted felon with outstanding warrants.  Defendant served nine months in state custody and was turned over to federal authorities on this violation approximately one month ago.

Because of his poor choices and inability to distance himself from firearms and a violent lifestyle, Defendant has spent over five years in prison since he turned eighteen (and he is only twenty-five years old).  The Guideline range for this Grade B violation is eight to fourteen months.  The Government requests an eight-month sentence.  It did not seek the maximum because that would not, as a practical matter, allow for any further community supervision of this Defendant.  The defense argues for a time-served sentence given that Defendant has been incarcerated since January.

Unless he changes his behavior, Defendant remains a danger to the community, and additional incarceration is warranted.  On balance, I conclude that a four-month sentence consecutive to his nine-month state prison term is a sufficient punishment.  This sentence also allows for another eleven months of supervised release to monitor this Defendant and hopefully provide resources that might finally direct him to a non-violent, law-abiding lifestyle.  I also recommend up to a ninety-day period at the Houston House to provide more stability and accountability upon release.

**Conclusion**

After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), I recommend that Defendant be sentenced to four months' incarceration (consecutive to his 2023 state firearm sentence) followed by eleven months' supervised release with the following special conditions:

1.    Defendant shall spend up to ninety days, upon release, in a residential reentry center, preferably the Houston House in Pawtucket, Rhode Island.  While at said facility, Defendant shall comply with all the policies, procedures, and regulations therein.

2.    Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office.

3.    Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient) as directed and approved by the Probation Office.

4.    Defendant shall participate in a program of mental health treatment as directed and approved by the Probation Office.

5.    Defendant shall participate in a manualized behavioral program as directed by the Probation Office. Such program may include group sessions led by a counselor or participation in a program administered by the Probation Office.

6.      Defendant shall contribute to the cost of all ordered treatment and testing based on ability to pay as determined by the Probation Office.

7.      Defendant shall permit the probation officer, who may be accompanied by either local, state, or federal law enforcement authorities, upon reasonable suspicion of a violation of supervision, to conduct a search of Defendant's residence, automobile, and any other property under Defendant's control or ownership.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt.  Fed. R. Crim. P. 59; LR Cr 57.2.  Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 16, 2023